**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KEITH E. SONDERLING, ACTING SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,[1]<br><br>Petitioner,<br><br>v.<br><br>FIDELIS TAX AND ACCOUNTING, LLC,<br><br>Respondent. | ) | Case No. 1:26-cv-268 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CIVIL CONTEMPT AND COERCIVE REMEDIES**

Respondent Fidelis Tax and Accounting, LLC ("Fidelis or Respondent") has violated multiple orders from this Court. Under this Court's April 1, 2026 Order, Respondent was required to produce all information responsive to the two (2) Administrative Subpoenas that were served on the Respondent by the Acting Secretary, and do so by April 22, 2026. ECF 8. The Respondent has failed to comply with said Order, as well as this Court's March 12, 2026 Order to Show Cause. ECF 6. Because of Respondent's ongoing defiance of this Court's Orders, the Acting Secretary respectfully requests that the Court find the Respondent in civil contempt and impose daily fines of $500 per day, payable to the Clerk of Court. The Acting Secretary also respectfully requests an express warning of future, more severe remedies if compliance is not forthcoming, including civil confinement.

1 Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Keith E. Sonderling, Acting Secretary of Labor, is automatically substituted as Plaintiff.

## I. Factual & Procedural Background

The Acting Secretary filed his *Petition to Enforce Administrative Subpoena* on January 22, 2026. ECF 1. The Petition alleged that, on December 15, 2025, Norman Jackson of the Employee Benefits Security Administration ("EBSA") issued two Administrative Subpoenas to Respondent Fidelis, requesting that the Respondent appear at the EBSA's offices on January 5, 2026 and produce records requested by the subpoenas. ECF 1 at ¶ 6; ECF 2-1. It also stated that Dennis Chris Winans, Fidelis' owner, confirmed receipt of said subpoenas, requested an extension to respond to the Acting Secretary's requests to January 12, 2026, and subsequently ended all communications with the Acting Secretary's representatives. *Id.* at ¶¶ 6–10; ECF 2-1. As relief, the Petition requested an order requiring the Respondent to, *inter alia*, "appear on a date certain to show cause, to thereafter promptly produce the records requested in the Subpoenas. . . ." *Id.*, at p. 3.

On March 12, 2026, this Court entered an Order requiring the Respondent to "show cause why it should not be required to produce all responsive information within its possession that is responsive to the request[s] listed in the attachments to the two Administrative Subpoenas issued by the [EBSA] . . . on December 15, 2025." ECF 6. On March 17, 2026, counsel for the Acting Secretary emailed a copy of the Order to Respondent's owner, Dennis Chris Winans, and mailed a copy to Fidelis' business address. ECF 7. Respondent failed to respond to the Court's Order to Show Cause. ECF 8. On April 1, 2026, the Court issued an Order requiring the Respondent to "produce all responsive information within its possession that is responsive to the requests listed in the attachments to the two Administrative Subpoenas issued by [EBSA]," and do so within twenty-one (21) days of the Court's April 1, 2026 Order. ECF 8. On the same day, counsel for the Acting Secretary emailed a copy of the Order to Respondent's owner, Dennis Chris Winans, and mailed a copy to Fidelis' business address. ECF. 9. Despite the Court's clear directives,

Respondent has not complied with the Court's April 1, 2026 Order; it has not produced ***any*** documents or responded to any of the Acting Secretary's communications.

## II. Legal Standard

Under Federal Rule of Civil Procedure 45(g), "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." *Id.*; *see also Gomez v. Easlan Management*, 6:20-cv-2156-TMC-JDA, 2021 WL 5854413, *4 (D.S.C. September 30, 2021) A party seeking civil contempt to enforce an order must establish four elements through clear and convincing evidence: "(1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) that the movant suffered harm as a result." *De Simone v. VSL Pharmaceuticals, Inc.*, 36 F.4th 518, 529 (4th Cir. 2022) (citation omitted); *see also Gomez*, 2021 WL 5854413, *4 ](citing *United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017)); *Su v. Southern Living for Seniors of Louisburg NC, LLC*, 5:22-CV-00178, 2023 WL 5814418, *1–2 (E.D.N.C., Aug. 23, 2023) (granting Acting Secretary's petition for civil contempt for respondent's failure to comply with an administrative subpoena).

Once a moving party makes this showing, the burden shifts to the alleged contemnor "to demonstrate that she made in good faith all reasonable efforts to comply with the [decree]." *De Simone*, 36 F.4th at 529. (citation and quotations omitted) (alteration in original). A party can make this showing by establishing a "'present inability to comply with the order in question.'" *First Mariner Bank v. Resolution Law Group, P.C.*, No. 12-cv-1133, 2014 WL 1681986, at *2 (D. Md. Apr. 18, 2014) (quoting *U.S. v. Rylander*, 460 U.S. 752, 757 (1983)). It is well-settled that a defendant raising this defense "bears the burden of production," *i.e.*, they must

"affirmatively produce evidence showing a present inability to comply with the order in question." *Id*. (citation omitted); *see also Davis v. Davis*, No. 5:20-cv-609, 2022 WL 2110410, at *5 (E.D.N.C. June 10, 2022) ("An inability to comply means more than merely difficult, inconvenient, or potentially impossible.") (citation and quotations omitted). "Conclusory assertions" without "supporting documentation, are insufficient to satisfy this burden." *First Mariner Bank*, 2014 WL 1681986, at *2 (citation and quotations omitted). "The burden of establishing an inability-to-comply defense is difficult to sustain." *S.E.C. v. SBM Inv. Certificates, Inc.*, No. 06-cv-0866, 2012 WL 706999, at *11 (D. Md. Mar. 2, 2012).

The Court has broad discretion to remedy civil contempt. *DeSimone*, 36 F.4th at 535–36 (citation omitted). This can include, among other things, imposition of fines, incarceration contingent on the contemnor's purging of the contempt, injunctive relief, and attorneys' fees. *Id*.; *First Mariner Bank*, 2014 WL 1681986, at *3; *Schwartz v. Rent-A-Wreck of America*, 261 F. Supp. 3d 607, 617 (D. Md. 2017). The essential purpose of the relief must be "remedial" and "to coerce the contemnor into compliance with court orders or to compensate the complainant for losses sustained." *First Mariner Bank*, 2014 WL 1681986, at *3; *see also Enovative Techs., LLC v. Leor*, 110 F. Supp. 3d 633, 637 (D. Md. 2015).

## III. Argument

Civil contempt is warranted in this matter. Respondent Fidelis has repeatedly failed to comply with this Court's multiple orders and produce all information responsive to the Acting Secretary's valid Administrative Subpoenas. These orders are clear and were issued in the Acting Secretary's favor. Respondent's refusal comply has harmed the Acting Secretary's enforcement authority. Accordingly, each of the necessary elements for civil contempt is present under the clear and convincing standard. The appropriate remedy for Respondent's contumacious conduct is an order finding the Respondent in civil contempt and entry of appropriate relief, including

coercive daily fines of $500 per day, and an express warning of future, severe remedies if compliance is not forthcoming, including civil confinement.

*a. The Acting Secretary has established through clear and convincing evidence that civil contempt is warranted.*

i. There is a valid decree & corresponding knowledge.

A valid decree exists in the case. On April 1, 2026, the Court issued an Order requiring the Respondent to produce all responsive information to the Acting Secretary to satisfy EBSA's two Administrative Subpoenas, which were served on December 15, 2025. ECF 8. This was after this Court issued a related Order to Show Cause on March 12, 2026, requiring the Respondent to answer why it should not produce said responsive documents. ECF 6. In both cases, the Respondent failed to respond to the Court's Orders.

Respondent is aware of these Orders. On March 17, 2026, the Acting Secretary's counsel served Respondent with this Court's Order to Show Cause. ECF 7. On April 1, 2026, the same counsel served Respondent with this Court's Order to produce the responsive documents. ECF 9. The Acting Secretary's counsel mailed the documents to the Respondent's address and also sent them to Mr. Winans via email. ECF 7, 9. Mr. Winans previously used that email address to correspond with the Acting Secretary's representatives, including to confirm receipt of EBSA's Administrative Subpoenas. ECF 2-1 at ¶¶ 11–12. The Acting Secretary has therefore demonstrated that Respondent is, and has been, aware of this valid decree and the specific obligations contained therein.

ii. The decree is in the Acting Secretary's Favor.

Here, the decree is in the Acting Secretary's favor. The Court issued two orders related to the Respondent's failure to respond to the Administrative Subpoenas. As stated above, on March 12, 2026, this Court issued an Order to Show Cause, requiring the Respondent to state why it has not complied with the Acting Secretary's Administrative Subpoenas. ECF 6. On April 1, 2026, the Court granted the Acting Secretary's *Petition to Enforce Administrative Subpoena* and required the Respondent to produce "all responsive information within its possession that is responsive to the requests listed in the attachments to the two Administrative Subpoenas issued by the [EBSA] . . . ." ECF 8. The plain language of the Court's Orders shows that they were in the Acting Secretary's Favor.

iii. Respondent violated this Court's March 12 and April 1 Orders.

The clear and convincing evidence shows that Respondent is defying both of this Court's Orders. Both this Court's March 12, 2026 and April 1, 2026 Orders were served on the Respondent, directly and via email to Mr. Winans. ECF 7, 9. The Orders were also mailed to the Respondent's address. *Id.* Respondent is aware of this Court's Orders and is disobeying them. Despite receiving them, it has not shown cause, has not complied with the Court's order to respond to the Administrative Subpoenas in full, and has not responded to the Acting Secretary's communications.

iv. The Acting Secretary has suffered harm.

Respondent's flouting of this Court's Orders is harming the Acting Secretary's interest in ensuring that ERISA is enforced. *See, e.g.*, *Secretary, United States Department of Labor v. Kwasny*, 853 F.3d 87, 95 (3d Cir. 2017) ("[W]hen the Secretary of Labor brings an ERISA suit, the government seeks to vindicate broader interests than those of the employees. . . . [T]he Secretary's interests also include the reinforcement of public confidence in a private pension

system and supervising the enforcement of the ERISA statute, which ensure[s] the financial stability of billions of dollars of assets which in turn have a monumental effect on not only the Treasury of the United States, but on the national economy and commerce as well.") (citation and quotations omitted) (third alteration in original). Here, the Acting Secretary issued two Administrative Subpoenas to investigate whether the Respondent's 401(k) plan is ERISA compliant. The Respondent has ignored the two of this Court's Orders, and it has continued to disregard its obligation to respond to the Administrative Subpoenas. ECF 6, 8. So long as the Respondent fails to comply with this Court's orders, and fails to produce the responsive documents, the Acting Secretary cannot fulfill his mandate to ensure that ERISA's requirements are enforced.

*b. This Court should impose daily coercive fines until the Respondent is compliant.*

Daily coercive fines are needed in this case. Respondent has consistently ignored this Court's orders, which makes clear that more punitive measures are necessary to secure compliance. This Court should exercise its broad discretion and impose daily coercive fines to redress Respondent's civil contempt. *See Consumer Financial Protection Bureau v. Klopp*, 957 F.3d 454, 466 (4th Cir. 2020) ("District courts enjoy wide latitude in imposing a sanction that is compensatory, incentivizing, or both.") (citation and quotations omitted).

Respondent's behavior to this point justifies a daily coercive fine. The purpose of this daily fine is to "coerce obedience to a court order." *American National Red Cross v. World Institute of Safety LLC*, No. 19-cv-2310, 2020 WL 5913239, at *1 (D. Md. Oct. 5, 2020) (quoting *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995)). The Court has broad discretion in setting the amount of the daily fine. *See U.S. v. Darwin Const. Co., Inc.*, 873 F.2d 750, 756 (4th Cir. 1989). Here, a daily fine of $500 per day is appropriate. Respondent's ongoing, unexplained, and unjustified disregard of this Court's orders means that the Acting Secretary cannot enforce

ERISA requirements. Consistent with this Court's jurisprudence and other contempt remedies awarded in the Fourth Circuit, a $500 per-day fine is a reasonable initial sanction. *See Trustees of Heating, Piping & Refrigeration Pension Fund v. Clean Air Mechanical, Inc.*, No. 17-cv-3690, 2021 WL 5760906, at *2 (D. Md. Dec. 3, 2021); *see also Su v. Southern Living for Seniors of Louisburg NC, LLC*, 2023 WL 5814418 at *1–2; *Certain Underwriters at Lloyd's, London v. AdvanFort Co.*, No. 1:18-cv-1421, 2020 WL 877981, at *1 n.3 (E.D. Va. Feb. 21, 2020) (imposing $1,000 per day fine and collecting sources showing coercive fines ranging from $500 per day to $5,000 per day). Swift entry of a meaningful coercive fine is also important so the Court can promptly determine whether more severe sanctions, such as incarceration, are necessary. *See Acting Secretary United States Department of Labor v. Koresko*, 726 F. App'x 127, 132 (3d Cir. 2018) (affirming denial of motion for reconsideration of contempt order that imposed civil confinement where defendant "was imprisoned for failure to comply with [court] orders which, among other things, required him to turn over Plan assets to the Independent Fiduciary").

## IV. Conclusion

WHEREFORE, for the reasons set forth above, the Acting Secretary respectfully requests that the Court grant his Motion, find Respondent in civil contempt, impose coercive fees of $500 per day to compel compliance, and warn Respondent that additional coercive remedies, including civil confinement, may be imposed if it does not promptly cease its civil contempt.

Respectfully Submitted,

Jonathan Berry
Solicitor of Labor

Samantha N. Thomas
Regional Solicitor

Alejandro A. Herrera

Mailing Address
U.S Department of Labor
Office of the Regional Solicitor
1835 Market Street
Mailstop SOL/22
(215) 861-5121 (voice)
(215) 861-5162 (fax)

Ferguson.edwin.m@dol.gov

Acting Regional Counsel for ERISA

*/s/ Edwin Ferguson*
Senior Trial Attorney

Date: May 15, 2026