**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| KEITH E. SONDERLING, SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,[1]<br><br>*Petitioner*,<br><br>v.<br><br>FIDELIS TAX AND ACCOUNTING, LLC,<br><br>*Respondent*. | Case No. 26-cv-268 |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Motion to Find Respondent Fidelis Tax and Accounting, LLC ("Fidelis") in Civil Contempt, ECF No. 12. Petitioner requests that the Court hold Fidelis in civil contempt for failing to comply with the Court's April 1, 2026 Order enforcing two administrative subpoenas issued by the Employee Benefits Security Administration ("EBSA"), and to impose a coercive fine of $500 per day until Fidelis complies. ECF No. 12. For the reasons below, the Motion is GRANTED IN PART and DENIED IN PART.

On April 1, 2026, the Court granted Petitioner's Petition to Enforce Administrative Subpoena and ordered Fidelis to produce, within twenty-one days, all information within its possession that is responsive to two administrative subpoenas issued by EBSA. ECF No. 8 at 1. Fidelis therefore was required to comply by April 22, 2026. On May 11, 2026, Petitioner informed the Court that Fidelis had not produced any responsive information. ECF No. 11 at 1. Petitioner then filed the pending Motion, ECF

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary of Labor Keith E. Sonderling has been automatically substituted for Lori Chavez-DeRemer as Petitioner. *See* ECF Nos. 11, 12.

No. 12, and served it on Fidelis by email and mail. *Id.* at 3. Fidelis did not respond to the Motion, and the time to do so has passed. *See* D. Md. Loc. R. 105(2)(a).

Section 504(c) of the Employee Retirement Income Security Act of 1974 ("ERISA") incorporates the subpoena-enforcement provisions of the Federal Trade Commission Act. 29 U.S.C. § 1134(c). Those provisions authorize a district court to enforce an administrative subpoena and provide that failure to obey the court's enforcement order "may be punished by such court as a contempt thereof." 15 U.S.C. § 49.

"When a litigant violates an order, the court generally may exercise its authority to hold the violator in civil contempt." *Consumer Fin. Prot. Bureau v. Klopp*, 957 F.3d 454, 461 (4th Cir. 2020) (citing *Rainbow Sch., Inc. v. Rainbow Early Educ. Holding LLC*, 887 F.3d 610, 617 (4th Cir. 2018)). A party who "moves for a civil contempt order must first prove each of these elements by clear and convincing evidence: (1) the existence of a valid court order; (2) the order was in the moving party's 'favor'; (3) a knowing violation of the terms of the order; and (4) the moving party suffered harm from the violation." *Id.* (citing *United States v. Ali*, 874 F.3d 825, 831 (4th Cir. 2017)). "Once the movant establishes these elements, the burden shifts to the defendant to show 'good faith [in making] all reasonable efforts to comply with the enforcement order.' A defendant who fails to meet this burden may be held in civil contempt." *Id.* at 461–62 (quoting *Ali*, 874 F.3d at 831).

Petitioner has established each element by clear and convincing evidence. First, the April 1 Order is a valid order that unequivocally required Fidelis to produce the information responsive to EBSA's subpoenas within twenty-one days. ECF No. 8 at 1. Second, the Order granted Petitioner's enforcement request and thus was entered in

Petitioner's favor. Third, Fidelis knowingly violated the Order. Petitioner represents that it sent the April 1 Order to Fidelis by mail and to Fidelis's owner, Dennis Chris Winans, by email. ECF No. 9. At the latest, Fidelis had notice of the April 1 Order and its obligations when Petitioner served the present Motion by email and mail on May 15, 2026. ECF No. 12 at 3. Yet the current record establishes that Fidelis still has not produced the required information. Although Winans stated in January 2026 that he would need to contact ADP to obtain requested records, *see* ECF No. 2-1 at 8, the record contains no evidence that Fidelis made reasonable efforts to comply after entry of the April 1 Order. Finally, Fidelis's noncompliance has prevented EBSA from obtaining information it needs to complete its investigation into whether Fidelis and its employee benefit plan comply with ERISA. *See* ECF No. 2-1 ¶¶ 14–16. The Court therefore finds Fidelis in civil contempt.[2]

A coercive monetary sanction is appropriate. District courts have "wide latitude" in imposing a civil-contempt sanction that is "compensatory, incentivizing, or both." *Klopp*, 957 F.3d at 466 (citation omitted). When determining the amount of a coercive fine, courts consider "the character and magnitude of the harm threatened by continued contumacy," the probable effectiveness of the sanction in securing compliance, and "the amount of defendant's financial resources and the consequent seriousness of the burden to that particular defendant." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947).

Those considerations warrant a daily fine here. Fidelis's failure to comply has

[2] Because the April 1 Order suffices, the Court need not decide whether Fidelis also violated the March 12, 2026 Order to Show Cause, ECF No. 6, or address Petitioner's reliance on Fed. R. Civ. P. 45(g).

prevented EBSA from completing its investigation, and lesser measures, including the Court's April 1 Order, have not secured compliance. Petitioner requests a sanction of $500 per day. ECF No. 12 at 1. The Court concludes that a lower initial sanction is appropriate.[3] The record contains little information regarding Fidelis's financial resources, while the purpose of the sanction is to secure compliance rather than punish past conduct. A fine of $200 per day provides a meaningful coercive incentive while accounting for the limited record concerning the burden such a sanction would impose. The Court therefore will give Fidelis seven days after service of this Memorandum Opinion and Order to comply before the fine begins to accrue.

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Petitioner's Motion to Find Respondent Fidelis Tax and Accounting, LLC in Civil Contempt, ECF No. 12, is **GRANTED IN PART** and **DENIED IN PART**;
    a. The Motion is **GRANTED** insofar as Petitioner requests that Fidelis be held in civil contempt and that the Court impose a coercive daily fine, and **DENIED** insofar as Petitioner requests a fine of $500 per day.
    b. Petitioner's request for additional coercive relief is otherwise **DENIED WITHOUT PREJUDICE**;
2. Fidelis Tax and Accounting, LLC is **FOUND IN CIVIL CONTEMPT** for failing to comply with the Court's April 1, 2026 Order, ECF No. 8;
3. Petitioner SHALL promptly serve this Memorandum Opinion and Order on

---

[3] The Court declines at this time to warn Fidelis of more severe remedies, including civil confinement; Petitioner may seek further relief, including an increase in the daily fine amount, if Fidelis remains out of compliance. *See* ECF No. 12-1 at 1, 8.

Fidelis by email and mail using the addresses through which Petitioner served the Motion, ECF No. 12 at 3, and **SHALL** file proof of service;

a. Fidelis **SHALL** fully comply with the Court's April 1, 2026 Order, ECF No. 8, **within seven (7) days** after Petitioner serves this Memorandum Opinion and Order;

b. If Fidelis has not fully complied by the expiration of that seven-day period, Fidelis **SHALL** incur a coercive fine of $200 per day, payable to the Clerk of Court, beginning on the following day and continuing for each day that Fidelis remains out of compliance with the April 1 Order, unless otherwise ordered by the Court; and

c. Petitioner **SHALL** promptly notify the Court upon Fidelis's full compliance with the April 1 Order.

Date: October 7, 2026

***/s/***
Adam B. Abelson
United States District Judge